IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RONALD SATISH EMRIT,

        Plaintiff,

v.                                CIVIL ACTION NO.  2:22-cv-00110

BOARD OF IMMIGRATION APPEALS, et al.,

        Defendants.

ORDER

        This action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. Magistrate Judge Tinsley submitted his Proposed Findings & Recommendations [ECF No. 6] ("PF&R") and recommended that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs [ECF No. 1] be **DENIED**, and that the Court **DISMISS WITH PREJUDICE** Plaintiff's complaint [ECF No. 2], pursuant to 28 U.S.C. § 1915(e)(2)(B), and impose prefiling sanctions upon Plaintiff as a vexatious litigator, prohibiting him from proceeding *in forma pauperis* in any future cases in this District except as provided by the Court herein.

        A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court is not, however, required to review, under a de

novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

While in the instant case, the parties have not filed objections, the Court nevertheless has reviewed the magistrate judge's recommendation of imposing prefiling sanctions, and the Court similarly finds that Plaintiff is a vexatious litigant pursuant to 28 U.S.C. § 1651(a), whose conduct warrants sanctions to prevent further waste of judicial time and resources. Since 2013, Plaintiff has filed hundreds of cases in numerous federal courts nationwide with "[m]ost or all of these complaints hav[ing] been dismissed for improper venue or failure to state a claim." *Emrit v. Fed. Bureau of Investigation*, No. 20-CV-265, 2020 WL 731171, at *1 (S.D. Cal. Feb. 13, 2020), *appeal dismissed*, No. 20-55332, 2020 WL 5648232 (9th Cir. July 24, 2020). Among these filings are at least five other complaints initiated in this Court, including a complaint filed as recently as August 9, 2021. *See, e.g.*, *Emrit v. PNC Bank*, 2:21-cv-446 (S.D. W. Va. Aug. 9, 2021), at ECF No. 2. Notably, each civil action was transferred to another district court based on improper venue. *See, e.g.*, *id.*, at ECF No. 4 (transferring the matter to the United States District Court for the Western District of Pennsylvania). Yet, despite the guidance and admonishments of multiple district courts, Plaintiff continues to file frivolous lawsuits in inappropriate venues, including in the instant case. [*See, e.g.*, ECF No. 2 (stating that Plaintiff "is filing this cause of action in the U.S. District Courts of Maryland, Eastern Virginia, and

2

Western Virginia in Charlottesville because of the fact that the plaintiff does not know which location has exclusive, original or subject matter jurisdiction given that the plaintiff lives in Florida much of the time and lives in Maryland at some other times and the defendant has its principal place of business (ppb) and/or nerve center in either Langley, Virginia, at a nearby FARM, or in Washington, D.C.")]. Indeed, on March 1, 2022, the United States District Court for the Eastern District of Virginia dismissed Plaintiff's identical complaint for "fail[ing] to satisfy the requirements of the ripeness doctrine" as Plaintiff neither "allege[d] that [his fiancée] ha[d] applied for a visa nor that she ha[d] been denied one." *Emrit v. Bd. of Immigr. Appeals*, No. 3:22-CV-00117, 2022 WL 779999, at *1 (E.D. Va. Mar. 1, 2022). However, just two days later, Plaintiff proceeded to file the same flawed civil complaint with this Court. Accordingly, the Court finds that Plaintiff is a vexatious litigant and that prefiling sanctions are warranted.

For the reasons set forth above, the Court adopts and incorporates herein the PF&R and orders judgment consistent therewith. Plaintiff's Application to Proceed in District Court without Prepaying Fees [ECF No. 1] is **DENIED**, and the Court **DISMISSES WITH PREJUDICE** Plaintiff's complaint [ECF No. 2], pursuant to 28 U.S.C. § 1915(e)(2)(B). Further, the Court **ORDERS** that the following prefiling sanctions be imposed upon Plaintiff as a vexatious litigator: Plaintiff is **ENJOINED AND PROHIBITED** from filing any additional complaints in this Court unless accompanied by either (a) full payment of the statutory and administrative filing fees

3

or (b) an affidavit by a licensed attorney in good standing in this Court or the jurisdiction in which he or she is admitted, attesting that he or she has reviewed such complaint and that the factual allegations contained therein provide a good-faith basis for venue in this Court. The Clerk of Court is **DIRECTED** not to accept any pleadings from the identified Plaintiff herein, absent compliance with the above restrictions and is **AUTHORIZED** to reject and refuse to file, and/or discard any new complaint, petition, document on a closed case, or any other document submitted in violation of the Court's Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 23, 2022

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE